QUINN EMANUEL URQUHART & SULLIVAN, LLP
Tigran Guledjian (Cal. Bar No. 207613)
tigranguledjian@quinnemanuel.com
Richard H. Doss (Cal. Bar No. 204078)
richarddoss@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiffs Seiko Epson Corporation, Epson America, Inc., and Epson Portland Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**SEIKO EPSON CORPORATION,** a Japan corporation; **EPSON AMERICA, INC.,** a California corporation; and **EPSON PORTLAND INC.,** an Oregon corporation,,

Plaintiffs,

vs.

**STRAIGHTOUTTAINK, LP**., a California limited partnership; and **NAHN HO**, an individual,

Defendants.

Case No. 4:19-cv-08240-YGR_ _______________

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER ALLOWING PRE-DEFAULT JUDGMENT THIRD PARTY DISCOVERY**

Judge: Yvonne Gonzalez Rogers
Courtroom: 1, 4th Floor
Hearing Date: _May 12, 2020
Hearing Time: 2:00 p.m.

**NOTICE OF MOTION AND PLAINTIFFS' MOTION FOR AN ORDER ALLOWING PRE-DEFAULT JUDGMENT THIRD PARTY DISCOVERY**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 2:00 p.m., On May 12, 2020, or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Yvonne Gonzalez Rogers at the United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 1, 4th Floor, United States Courthouse, 1301 Clay Street, Oakland, California 94612. Plaintiffs' Seiko Epson Corporation, Epson America, Inc., and Epson Portland Inc. (collectively "Epson" or "Plaintiffs"), shall and hereby do move the Court for an Order allowing pre-default judgment third party discovery.

DATED: April 2, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Richard H. Doss*
Tigran Guledjian
Richard H. Doss
Attorneys for Plaintiffs,
Seiko Epson Corporation, Epson America, Inc., and Epson Portland Inc.

## PLAINTIFFS' MOTION FOR AN ORDER ALLOWING PRE-DEFAULT JUDGMENT THIRD PARTY DISCOVERY

Plaintiffs Seiko Epson Corporation, Epson America, Inc., and Epson Portland Inc. (collectively "Epson" or "Plaintiffs"), submit this motion for a Court Order allowing Plaintiffs to conduct third party discovery in support of its anticipated motion for default judgment against Defendants Straightouttaink, LP ("Straightouttaink") and Nahn Ho (collectively "Defendants"), for which defaults under Fed. R. Civ. P. 55(a) were entered on February 13, 2020 with respect to Straightouttaink (ECF No. 18), and March 31, 2020 with respect to Nahn Ho (ECF No. 23). Epson intends to move for entry of a default judgment against Defendants seeking injunctive relief, monetary damages, and costs. In order to prove up its monetary damages, because Defendants elected not to participate in this case, Epson needs to take third party discovery in the form of subpoenas *duces tecum* on eBay, Inc. and other online marketplaces and related entities to determine the number of infringing ink cartridges Defendants have sold on such online marketplaces during the relevant time period.

### Background

On December 18, 2019, Plaintiffs filed their Complaint for patent infringement against Defendants (ECF No. 1). The alleged infringement arises out of Defendants' infringing activities, including but not limited to, sales and offers for sale of infringing ink cartridges on their own websites, on eBay.com's online marketplace, and on other online marketplaces. *See* ECF No. 1, ¶¶ 14-17, 23-32, and 36-45.

On January 9, 2020, Epson duly served the Summons and Complaint on defendant Straightouttaink pursuant to Fed. R. Civ. P. 4 (ECF No. 16). Pursuant to Fed. R. Civ. Proc. 12(a)(1)(A)(i), Straightouttaink was required to respond, answer or otherwise plead to Plaintiffs' Complaint within 21 days of service, *i.e.*, by January 30, 2020. Straightouttaink failed to timely respond, answer or otherwise plead to Plaintiffs' Complaint. Accordingly, on February 12, 2020, Plaintiffs filed a Request for Entry of Default of Straightouttaink, pursuant to Fed. R. Civ. P. 55(a) (ECF No. 17). On February 13, 2020, the Clerk of the Court entered default against Straightouttaink pursuant to Fed. R. Civ. P. 55(a) (ECF No. 18).

On February 28, 2020, Epson duly served the Summons and Complaint on defendant Nahn Ho pursuant to Fed. R. Civ. P. 4 (ECF No. 19). Pursuant to Fed. R. Civ. Proc. 12(a)(1)(A)(i), Nahn Ho was required to respond, answer or otherwise plead to Plaintiffs' Complaint within 21 days of service, *i.e.*, by March 20, 2020. Nahn Ho failed to timely respond, answer or otherwise plead to Plaintiffs' Complaint. Accordingly, on March 26, 2020, Plaintiff filed a Request for Entry of Default of Nahn Ho, pursuant to Fed. R. Civ. P. 55(a) (ECF No. 22). On March 31, 2020, the Clerk of the Court entered Default against Nahn Ho pursuant to Fed. R. Civ. P. 55(a) (ECF No. 23).

On March 25, 2020, the Court entered an order vacating the case management conference, and setting a compliance date of April 24, 2020, and requiring five business days prior to the compliance date, i.e., April 19, 2020, for Epson to file either: (1) motions for entry of default as to Ho and default judgment as to both defendants; or (2) a statement setting forth the status of service in this action (ECF No. 21). As stated above, Epson moved for entry of default against Nahn Ho pursuant to Fed. R. Civ. P. 55(a) on March 26, 2020 (ECF No. 22).

Epson intends to move for entry of a default judgment against both Defendants in which it will seek injunctive relief, monetary damages, and costs. In order to prove up its monetary damages, and because Defendants elected not to participate in this case, Epson needs to take third party discovery in the form of subpoenas *duces tecum* on eBay, Inc. and other online marketplaces and related entities to determine the number of infringing ink cartridges Defendants have sold on such online marketplaces during the relevant time period.

**Legal Standards and Discussion**

Federal Rule of Civil Procedure Rule 26(d)(1) provides in pertinent part that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d). District courts have broad discretion in granting or denying discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (broad discretion is vested in the trial court to permit or deny discovery) (citation and internal quotation marks omitted).

Courts apply a "good cause" standard in considering motions to expedite discovery. *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also American*

*LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); *In re Countrywide Financial Corp. Derivative Litigation*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008). Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Semitool*, 208 F.R.D. at 276. Good cause for expedited discovery is frequently found in cases in which a defendant has failed to appear, resulting in the entry of default against the defendant, and the plaintiff's need for evidence to establish damages. *See Twitch Interactive, Inc. v. Johnston*, 2017 WL 1133520, at *1-*4 (N.D. Cal. Mar. 27, 2017); *Adobe Sys. Inc. v. Max Bunhey*, 2013 WL 12140304, at *1-*2 (C.D. Cal. Oct. 29, 2013); *Sheridan v. Oak Street Mortgage, LLC*, 244 F.R.D. 520, 522 (E.D. Wis. 2007).

Here, as noted above, the Clerk has entered the default of Defendants based upon Defendants' failure to plead or otherwise defend in this action as directed in the Summons and as provided in the Federal Rules of Civil Procedure. A plaintiff who prevails on a patent infringement claim may in some circumstances recover damages in the form of "lost profits." *See Versata Software, Inc. v. SAP America, Inc.*, 717 F.3d 1255, 1263-64 (Fed. Cir. 2013) (lost profits damages appropriate whenever there is a reasonable probability that, but for the infringement, the patentee would have made the sales that were made by the infringer) (citation, quotation marks, and internal quotation marks and brackets omitted), *cert. denied*, 134 S. Ct. 1013 (2014). Evidence of sales of items embodying the features attributable to the patent infringed are relevant to the calculation of lost profits. *See Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega systems, LLC*, 350 F.3d 1327, 1345-46 (Fed. Cir. 2003). Plaintiffs' Motion seeks discovery from online marketplaces and related entities to determine the number of infringing ink cartridges Defendants sold on such online marketplaces during the relevant time period. Such information is relevant to the calculation of lost profits. Because Defendants have refused to participate in this action, Plaintiffs have effectively been precluded from engaging in a Rule 26(f) conference and cannot conduct traditional discovery.

**Conclusion**

For the reasons set forth above, Epson respectfully requests that the Court enter the Proposed Order, filed herewith, allowing Epson to seek third party discovery from eBay, Inc. and other online marketplaces and related entities. Epson further requests that the Order setting compliance re: entry of

default and motion for default judgement (ECF No. 21), be extended to ninety (90) days after issuance of an order granting this motion, to allow sufficient time for Epson to take third party discovery and prepare and file the motion for default judgment.

Respectfully submitted,

DATED: April 2, 2020

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *[/s/ Richard H. Doss]*

**Tigran Guledjian**
California Bar No. 207613
Email: *tigranguledjian@quinnemanuel.com*
**Richard H. Doss**
California Bar No. 204078
Email: *richarddoss@quinnemanuel.com*
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

*Attorneys for Plaintiffs Seiko Epson Corporation, Epson America, Inc., and Epson Portland Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to N.D.CA. Local Rule 5-5(a), I certify that on the below date, the following persons were served with the above document was served by U.S. First Class Mail, postage prepaid on the following:

Straightouttaink, LP
541 W. Capitol Expressway 10-212
San Jose, California 95136

Nahn Ho
1485 Meadow Glen Way
San Jose, California 95121

Hung Le
c/o Straightouttaink, LP
2491 Escalonia Court
San Jose, CA 95121

Date: April 3, 2020

By: */s/ Vince Grant*
Vince Grant