UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEIKO EPSON CORPORATION, A JAPAN CORPORATION, et al.,

Plaintiffs,

v.

STRAIGHTOUTTAINK, LP., A CALIFORNIA LIMITED PARTNERSHIP, et al.,

Defendants.

Case No. 19-cv-08240-YGR (KAW)

**ORDER GRANTING PLAINTIFF'S MOTION FOR EARLY DISCOVERY**

Re: Dkt. No. 24

United States District Court
Northern District of California

On December 18, 2019, Plaintiffs Seiko Epson Corporation, Epson America, Inc., and Epson Portland Inc. filed the instant case against Defendants Straightouttaink, LP and Nahn Ho, asserting patent infringement. (Compl., Dkt. No. 1.) Defendants did not appear, and are now in default. (Dkt. Nos. 18, 23.)

Pending before the Court is Plaintiffs' motion to allow Plaintiffs to conduct third-party discovery in support of its anticipated motion for default judgment. (Pls.' Mot. for Early Discovery, Dkt. No. 24.) The Court deems this matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). Having considered the filing and the relevant legal authorities, the Court GRANTS Plaintiffs' motion.

## I. BACKGROUND

Plaintiffs allege that Defendants sell aftermarket ink cartridges for use with Epson printers, and that these sales infringe on three patents owned by Plaintiffs. (Compl. ¶¶ 2, 14.) Plaintiffs allege that Defendants sell the infringing ink cartridges on their online store at discountinkllc.com, as well as through listings and/or storefronts on eBay.com and myshopify.com using the seller

name discountinkllc. (Compl. ¶ 14.)

Defendants were served with the summons and complaint by substitute service but have not appeared in this case. (Dkt. Nos. 16, 19.) The Clerk of the Court entered default as to Defendant Straightouttaink, LP on February 13, 2020, and as to Defendant Ho on April 1, 2020. (Dkt. Nos. 18, 23.) On April 2, 2020, Plaintiff filed the instant motion, requesting permission to seek discovery from third-party eBay, Inc. and other online marketplaces (collectively, "third-party marketplaces") in order "to determine the number of infringing ink cartridges Defendants have sold on such marketplaces during the relevant time period." (Pls.' Mot. for Early Discovery at 3.) Defendants' opposition was due by April 16, 2020; as of the date of this order, Defendants have neither appeared nor filed an opposition.

On April 7, 2020, the motion was referred to the undersigned for disposition. (Dkt. No. 25.)

## II. DISCUSSION

Rule 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." In deciding whether to allow early discovery, courts apply a good cause standard. *Twitch Interactive, Inc. v. Johnston*, Case No. 16-cv-3404-BLF, 2017 WL 1133520, at *2 (N.D. Cal. Mar. 27, 2017); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc.*, 208 F.R.D. at 276.

The Court finds good cause for early discovery in this case. Courts have found good cause "where a defendant has failed to appear, resulting in the entry of default against the defendant, and the plaintiff is in need of evidence to establish damages." *Twitch Interactive, Inc.*, 2017 WL 1133520, at *2; *see also Adobe Sys. Inc. v. Bunhey*, Case No. EDCV 13-1365-VAP (OPx), 2013 WL 12140304, at *1 (C.D. Cal. Oct. 29, 2013). Here, Plaintiffs seek evidence regarding Defendants' sales of infringing ink cartridges, which goes to Plaintiff's lost profits. *See Versata Software, Inc. v. SAP America, Inc.*, 717 F.3d 1255, 1263-64 (Fed. Cir. 2013) ("Lost-profits

damages are appropriate whenever there is a reasonable probability that, 'but for' the infringement, the patentee would have made the sales that were made by the infringer."); *Adobe Sys. Inc.* 2013 WL 12140304, at *2 (permitting discovery from eBay and PayPal of counterfeit software sales in order "to discover the full extent of Defendants' counterfeit dealings to support a Motion for Entry of Default Judgment and a request for damages"). Thus, such information is necessary for Plaintiffs to calculate damages for its motion for default judgment. (*See* Pls.' Mot. for Early Discovery at 4, 5.) Further, there is no prejudice to Defendants; Defendants have refused to participate in this action, and therefore have prevented Plaintiffs from engaging in a Rule 26(f) conference and conducting traditional discovery. *See Twitch Interactive, Inc.*, 2017 WL 1133520, at *3 ("Twitch also cannot conduct traditional discovery as the Anjomis refused to participate in this action."). Thus, Plaintiffs' need for the early discovery outweighs any prejudice to Defendants.

## III. CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's motion to allow early third-party discovery. Plaintiff may serve subpoenas on the third-party marketplaces used by Defendants to sell infringing ink cartridges in order to determine the number of infringing ink cartridges Defendants sold during the relevant time period. Any information disclosed to Plaintiffs in response to a subpoena may be used by Plaintiffs solely for the purpose of litigating this lawsuit.[1]

IT IS SO ORDERED.

Dated: April 21, 2020

Kandis Westmore

KANDIS A. WESTMORE
United States Magistrate Judge

[1] Plaintiffs also requested in the motion that the Court extend the April 24, 2020 compliance hearing to 90 days after this order, to allow Plaintiffs sufficient time to take third-party discovery and prepare a motion for default judgment. (Pls.' Mot. for Early Discovery at 5-6.) On April 20, 2020, the presiding judge vacated the April 24, 2020 compliance hearing. Thus, Plaintiffs' request for a continuance is moot.